Mary J. Kennedy *vs.* Lowell, Lawrence and Haverhill Street Railway Company.

Joseph A. Kennedy *vs.* Same.

Ann McFee *vs.* Same.

Essex.   March 6, 1903. — June 19, 1903.

Present: Knowlton, C. J., Lathrop, Barker, Hammond, & Braley, JJ.

*Negligence.*

If the rail of an electric car track is nine feet from the curbstone of a crowded street and a woman in an open wagon drives to the side of the street for the purpose of going to a shop, and stops with her horse's head at the curb behind a team with the hind wheel of her wagon so near the car track that a car which she sees stopped at a short distance away cannot pass without striking the

wheel, and the car moving slowly at a pace not faster than a walk strikes the wheel and cramps it under the wagon, the questions of the due care of the woman and the negligence of the railway company are for the jury.

THREE ACTIONS OF TORT, two for personal injuries from a collision of a car of the defendant with a wagon in which the plaintiff Mary J. Kennedy was driving on Merrimack Street in Haverhill and in which her mother, the other plaintiff, was seated beside her.   The third action was by the husband of Mary J. Kennedy for expenses and loss of services.   Writs dated December 30, 1899.

At the trial in the Superior Court before *Richardson,* J., it appeared, that the plaintiff Mary J. Kennedy had lived in Haverhill for many years, had driven more or less for twenty years, had frequently driven through Merrimack Street and knew of the existence of the double tracks of the defendant there.   The accident occurred on November 8, 1899, between four and five o'clock in the afternoon, the day being bright and clear.   The street, which ran east and west at the place of the accident, was thirty-two feet in width from curb to curb, and the distance from the southerly curb to the southerly rail of the defendant's track was nine feet.   The evidence for the plaintiffs tended to prove that on the day of the accident the plaintiffs Mary J. Kennedy and Ann McFee went in an open Concord wagon to that part of Haverhill called Mt. Washington, which was at a considerable distance west of the point of the accident; that after stopping for a time they drove along Washington Street, which runs east and west, and passed into Merrimack Street, which also runs east and west from the easterly end of Washington Street; that the street was "full of teams"; that the plaintiff Mary J. Kennedy drove across the tracks diagonally for the purpose of going to a grocery store on the south side of the street; that as she crossed the tracks she saw one of the defendant's cars a short distance to the west, which was stopped and was on the southerly track, and knew that when the car started it would move east and in the direction in which she was going; that she drove to the southerly side of the street and came to a stop, with her horse's head at the curb and behind a team which was standing there, and left her wagon standing at such an angle with the curb that its left hind wheel was so near the

southerly rail of the defendant's tracks that the car could not pass without striking it; that while in this position the plaintiff, Mary J. Kennedy, with the intention of alighting, requested the other plaintiff, Ann McFee, to take the reins; that Mrs. McFee declined to take them, saying that she would wait until the car had gone by; that from the time that the plaintiff drove up to the south curb until the collision her horse stood perfectly still; that the car was moving slowly at a pace not faster than a walk, and was stopped within a few feet from the point of the collision, the effect of which was to cramp the wheel under the wagon, raising it up on one side so as to tip the occupants into the street.

Witnesses for the defendant testified, that as the car approached, the left hind wheel of the plaintiff's wagon was from twelve to fifteen inches distant from the extreme overhang of the defendant's car, and that the car had proceeded safely by the wheel almost its entire length when the plaintiff's horse backed the wagon so that the wheel struck the car at a point about three feet from the rear step on which it caught.

The defendant asked the judge to rule that upon all the evidence in the case the plaintiffs were not entitled to recover. The judge refused to give this ruling and submitted the case to the jury upon instructions not otherwise excepted to. The jury returned a verdict for the plaintiff in each case; and the defendant alleged exceptions.

*J. P. Sweeney*, for the defendant.

*H. J. Cole*, for the plaintiffs.

HAMMOND, J. Upon the evidence the jury were warranted in finding that the collision occurred in broad daylight, while the team driven by Mrs. Kennedy was momentarily at a stop in a crowded street, with the rear end of the carriage near the rail of the defendant's track. It is true that the defendant's explanation of the collision was very different, but it was for the jury to decide which view of the accident was correct.

The defendant contends that the evidence was insufficient to warrant a finding of due care of the plaintiff or negligence of the defendant. It does not seem useful to recite here the evidence in detail. The plaintiffs and defendant were travellers upon a public highway, each bound to respect the rights of the

other as such. In view of the testimony introduced by the plaintiff as to the width of the street, the space occupied by the railway tracks, the congested condition of the travel at and just prior to the time of the accident, the momentary nature of the stop and the reason for stopping there, we think that the questions of due care and negligence were for the jury.

*Exceptions overruled.*